16-2272-cv
United States v. Westchester County

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of January two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,
EX REL. ANTI-DISCRIMINATION CENTER
OF METRO NEW YORK, INC.,

                  *Plaintiff-Appellee*,

          v.                                           16-2272-cv

WESTCHESTER COUNTY,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:     Robert F. Meehan, Westchester County Attorney, White Plains, NY.

Appearing for Appellee:     David J. Kennedy, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appearing for Amicus Curiae
The Center for Individual Rights
*in support of Appellant*:        Michael Rosman, Christopher J. Hajec, The Center for
                                  Individual Rights, Washington, D.C.

        Appeal from the United States District Court for the Southern District of New York
(Cote, *J.*).


        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

        Westchester County (the "County") appeals from the June 27, 2016 opinion and order of
the United States District for the Southern District of New York (Cote, *J.*) finding that the
County breached the consent decree that the County entered into with the United States
Department of Justice on August 10, 2009 (the "Consent Decree"). We assume the parties'
familiarity with the underlying facts, procedural history, and specification of issues for review.

        The record supports the district court's finding that the County failed to meet its
obligation to "create and fund" a public campaign as required by Paragraph 33(c) of the Consent
Decree.  As detailed by the district court, the outreach and education efforts the County relies on
to establish its compliance with Paragraph 33(c) were not part of an organized, concerted effort
to create and fund a public information campaign. The district court did not ignore the activities
relied on by the County; it simply found the activities did not suffice. The district court noted
that the County knew how to create and run a successful campaign, citing the Safer Communities
initiative the County organized after the Sandy Hook Elementary School shooting, and the
Westchester Smart campaign organized in 2015 to encourage economic development.  We
discern no error in the district court's conclusion that the activities on which the County relies
simply do not constitute an organized campaign. We also conclude that the record supports the
district court's finding that the County acted in bad faith.

        Amicus urge us to hold that the district court erred in finding that the County acted in bad
faith on the ground that it violates the County's First Amendment rights. The County, however,
disavowed that argument in its briefs and at oral argument. Instead, the County asks us to
consider general constitutional principles. As the County does not press a First Amendment
violation, we need not, and do not, address whether municipalities have First Amendment rights.

        Finally, the County argues that the district court's decision to order the public release of
the deposition videotapes constitutes an improper remedy.  The government argues that the
County's challenge is moot, as the videotapes were already released. *See Lillbask ex rel.
Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) (stating that "at all
times, the dispute before the court must be real and live, not feigned, academic, or conjectural.")
(internal quotation marks omitted).  The County argues that the issue is not moot because the
videotapes could be ordered returned, and thus some relief is available, even if such relief is
imperfect. We agree that the case is not moot. While it may not be possible to completely undo
the release of the videotapes, the district court could take steps, at a minimum, to prevent further

2

releases. *See, e.g., Am. Farm Bureau Fed'n v. U.S. Envtl. Prot. Agency*, 836 F.3d 963, 969 (8th Cir. 2016) (case alleging that Environmental Protection Agency improperly disclosed information into the public domain not moot, in part, because the agency "has the capacity to request the return of the information that it already disclosed.").

Ordering disclosure of the videotapes did not exceed the district court's discretion. District courts have the "inherent power to enforce consent judgments, beyond the remedial 'contractual' terms agreed upon by the parties." *E.E.O.C. v. Local 580, Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Joint Apprentice-Journeyman Educ. Fund*, 925 F.2d 588, 593 (2d Cir. 1991). Thus, a district court's interest "in protecting the integrity of a consent decree justifies any reasonable action taken by the court to secure compliance." *CBS Broad. Inc. v. FilmOn.com, Inc*., 814 F.3d 91, 101 (2d Cir. 2016) (citation and quotation marks omitted). Ultimately, "though a court cannot randomly expand or contract the terms agreed upon in a consent decree, judicial discretion in flexing its supervisory and enforcement muscles is broad." *United States v. Westchester County*, 712 F.3d 761, 767 (2d Cir. 2013) (citation and quotation marks omitted).

Here, the district court found that "[w]hile it is true that transcripts of the depositions are already available, public disclosure of the images of the County officials delivering their deposition testimony will materially supplement the existing public record. Videotapes are regularly taken of deponents in civil litigation, despite the attendant expense, because litigators understand that the videotaped witness testimony is far more effective in conveying the substance and meaning of the testimony to the fact finder than the dry words on a printed page." *United States v. Westchester County, New York*, 2016 WL 3566236, at *9 (S.D.N.Y. June 27, 2016). It also found that "[t]he videotapes thus may be an important tool for public evaluation of the accuracy and reliability of [the County Executive's] prior assertions concerning the Consent Decree. The public will have an opportunity to evaluate the witnesses' statements and credibility in a way that a cold transcript cannot provide to them." *Id.* at *10. On this record, it cannot be said that the district court's choice of remedy was an abuse of discretion.

We have considered the remainder of the County's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3